Genova Burns LLC
494 Broad Street, Newark, NJ 07102
**Tel:** 973.533.0777  **Fax:** 973.533.1112
**Web:** www.genovaburns.com

Donald W. Clarke, Esq.
Counsel
Member of the NJ & NY Bar
dclarke@genovaburns.com
Direct:  973-387-7804

October 18, 2021

The Honorable Michael B. Kaplan
United States Bankruptcy Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:  Affiliated Physicians and Employers Master Trust**
> **Case No.: 21-14286-MBK**
> **_QualCare, Inc. v. Affiliated Physicians and Employers Master Trust et al._**
> **Adv. Pro. No.: 21-01346**

Dear Judge Kaplan:

  The undersigned represents Affiliated Physicians and Employers Master Trust (the "Debtor" or "Defendant") in the above-referenced matters. QualCare Inc. ("QualCare" or "Plaintiff") filed the complaint in this adversary proceeding on August 17, 2021 (the "QualCare Complaint"). [Doc 1] On October 1, 2021, BrainBuilders, LLC ("BrainBuilders") filed a motion to dismiss (the "Motion"). [Doc 5] There is a hearing on the Motion scheduled for October 28, 2021, at 10:00 a.m. Please accept this letter objection to the Motion and request to schedule a status conference (the "Objection" and "Request for Status Conference") in lieu of a more formal pleading. As of this writing, the Debtor obtained the consent of QualCare to make this Request for Status Conference. Consent from BrainBuilders was not given as of this filing.

  On March 3, 2021, prior to the Debtor's bankruptcy case, BrainBuilders filed an action in the Superior Court of New Jersey, Law Division, Middlesex County, MID-L-001361-21, against QualCare and the Debtor ("State Court Action"). In the State Court Action, BrainBuilders' sought unspecified damages for breach of contract, breach of the implied covenant of good faith and fair dealing and promissory estoppel. As a result of the circumstances leading to the within bankruptcy case, the Debtor did not have an opportunity to fully engage in the State Court

Action before that matter was stayed by the Debtor's chapter 11 petition and dismissed without prejudice.

On July 30, 2021, BrainBuilders filed a proof of claim (no. 23-1) in the amount of $6,882,870.00 (the "BrainBuilders POC") for "health care services provided to member-insured." The BrainBuilders POC includes no detail. On October 1, 2021, the same day BrainBuilders filed its Motion, BrainBuilders filed an amended proof of claim (no. 52-1) (the "Amended BrainBuilders POC"). The Amended BrainBuilders POC includes minimal detail summarizing the amounts alleged to be due for claims related to 31 different patients, as well as a *Declaration of Simon Nussbaum*, Director of Finances of BrainBuilders (the "Nussbaum Declaration"). [Doc 52-1 Part 2] Pursuant to the Nussbaum Declaration, the "voluminous" nature of the documents supporting the validity of the Amended BrainBuilders POC, as well as concerns involving the Health Insurance Portability and Accountability Act of 1996 (HIPAA), prevent BrainBuilders from attaching such information to the Amended BrainBuilders POC. Instead, BrainBuilders offers to "make the underlying documents available for examination at a reasonable place and time."

It was not evident until the filing of the Amended BrainBuilders POC that BrainBuilders' proof of claim includes a dispute over medical claims processed by QualCare *and* Aetna.[1] Generally, claims deemed valid by the claim processor require funding by the Debtor. Therefore, questions concerning amounts ultimately due BrainBuilders (if any) are central to the Debtor's bankruptcy case and, as such, are core matters that should be decided by Your Honor. However, the Debtor is not in custody or control of the information it needs to dispute the Amended BrainBuilders POC. That information is with QualCare and Aetna, respectively.

The Debtor has been in contact with QualCare and Aetna with regard to the Amended BrainBuilders POC. QualCare has extended the time for the Debtor to respond to the QualCare Complaint. The Debtor understands that, shortly, QualCare will file an amended complaint to address issues raised in the Motion. The Debtor believes the amended complaint will render the Motion moot. The Debtor anticipates cross claims against BrainBuilders related to the Amended BrainBuilders POC and the forthcoming amended complaint from QualCare.

At this time, the Debtor is in a critical stage in its bankruptcy case. The Debtor and Aetna continue to make progress on language to be included in the Plan, as well as a resolution of their respective interests related to the adversary proceeding between the Debtor and Aetna and concerning the Court's *Order to Show Cause and for Temporary and Preliminary Injunctive Relief* (Adv. Pro. No.: 21-01366 [Docs 1 and 4]). A resolution of issues with Aetna will enable the Debtor to move forward with medical claims processing and the wind down of the Debtor.

In addition to the forgoing, the Debtor is: (i) working to amend the Plan to include issues concerning the potential expansion of Trustee Hofmeister's authority to investigate the Debtor;

---

[1] Prior to Aetna, QualCare served as the Debtor's third-party medical claim administrator. The Amended BrainBuilders POC bifurcates its claim into those medical claims processed by QualCare ($3.1MM) and those processed by Aetna ($3.6MM).



(ii) fielding a significant number of inquiries from brokers, members and other interested parties concerning the collection of the assessment for the payment of outstanding medical claims; (iii) responding to the IRS's motion to strike the Debtor's expert witness in the adversary proceeding by the Debtor against the IRS for the refund of nearly $9 million in HIT Payments; and (iv) responding to multiple motions and a 2004 subpoena by the Nissenbaum Law Group.

      The Amended BrainBuilders POC is the largest general unsecured claim in this case (by far). There are no external pressures requiring this matter to be addressed at this time. The Debtor respectfully requests Your Honor toll all response and pleading deadlines and convert the hearing scheduled for the Motion (October 28th) to a status conference. This will allow the interested parties to work towards a larger scheduling order to provide for amended pleadings, responsive pleadings, renewed or amended dispositive motions, and discovery. Although this dispute was raised sooner than the Debtor had intended, the Debtor believes this forum, before Your Honor, is the appropriate venue considering the central interests of the Debtor at stake.

      The Debtor reserves its right to respond further to the merits of the Motion, or to any amended pleadings, as information is made available to the Debtor.

Respectfully submitted,

**GENOVA BURNS LLC**

*/s/Donald W. Clarke*
DONALD W. CLARKE

DWC